# IN THE COURT OF APPEALS OF IOWA

No. 17-1839
Filed September 12, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SAIVON ISAIAH McGRUDER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul Scott and Karen A. Romano, Judges.


        The defendant challenges his convictions for robbery in the first degree and theft in the first and third degrees.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

The district court convicted Saivon McGruder of robbery in the first degree and theft in the first and third degrees. The district court sentenced McGruder to concurrent terms of incarceration for each offense. McGruder challenges these convictions on appeal, contending the district court erred in denying his motion for substitute counsel and his convictions must be vacated as a result.

This court reviews the district court's ruling on a motion for substitute counsel for an abuse of discretion. *See State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001). This court will find an abuse of discretion only where "the [district] court exercised [its] discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997)).

A criminal defendant has the right to the assistance of "counsel at all critical stages of a criminal proceeding." *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007) (altered for readability). The right to the assistance of counsel does not encompass the absolute right to the assistance of particular counsel. *See State v. Kirchner*, 600 N.W.2d 330, 333 (Iowa Ct. App. 1999). In the case of appointed counsel,

> [t]he grounds to justify the appointment of substitute counsel include a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between the defendant and counsel. The court must balance the defendant's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice. The court has a "duty of inquiry" when it receives a request from a defendant for substitute counsel on account of an alleged breakdown in communication. The defendant must show the grounds to justify substitute counsel and the court has considerable discretion whether to grant substitute counsel.

*State v. Mott*, 759 N.W.2d 140, 148–49 (Iowa Ct. App. 2008) (citations omitted). The district court's "duty of inquiry" is satisfied when it, after being "apprised of a potential breakdown in communication, personally ask[s] the defendant at a hearing to explain the nature of the communication problem." *State v. Tejeda*, 677 N.W.2d 744, 751 (Iowa 2004).

The motion at issue was submitted to the district court on the Friday before the scheduled trial on the robbery charge. On that day, McGruder's appointed counsel sought to withdraw from the representation at McGruder's behest. The district court inquired further. McGruder stated he sought new counsel because he believed his attorney had not provided him with enough help, had not kept him informed of the status of the proceedings, and had not given him certain documents, including police reports and deposition transcripts. Upon further inquiry from the district court, counsel stated the documents had been hand-delivered to McGruder at the jail. Counsel's statements were based upon an office log showing the dates her law firm delivered the documents to McGruder. The district court inquired of McGruder whether his apprehension would be alleviated if he were given an opportunity to review the depositions before trial, to which McGruder responded in the affirmative. The district court ordered a recess. During the recess copies of the deposition transcripts were made and delivered to McGruder for him to review with counsel prior to trial. After the recess, McGruder stated he still wished to be represented by a different attorney. The district court denied the motion. In support of the denial, the district court noted the matter had been pending for some time, there was a codefendant prepared for trial, McGruder's counsel had conducted significant discovery and was prepared for

trial, and the district court's knowledge that McGruder's counsel was a good and experienced defense attorney. The district court also found McGruder sought new counsel as a delay tactic.

The robbery charge proceeded to trial with appointed counsel, and the jury found McGruder guilty. At the time of sentencing on the robbery charge, as part of a comprehensive plea agreement to resolve other charges in pending cases, McGruder pleaded guilty to and was convicted of theft in the first and third degrees.

We first address McGruder's challenge to his convictions for theft in the first and the third degree. McGruder's challenge to the convictions is without merit. The convictions were entered pursuant to a comprehensive plea agreement. During the plea colloquy, the district court explicitly asked McGruder whether he was satisfied with the performance of his counsel, and McGruder stated he was. McGruder was advised of his right to file a motion in arrest of judgment to challenge the guilty pleas, and he waived the right. "[T]he denial of a motion for substitute counsel is waived by a guilty plea, where the guilty plea explicitly confirmed satisfaction with plea counsel." *State v. Daye*, No. 15-1645, 2016 WL 5408112, at *2 (Iowa Ct. App. Sept. 28, 2016); *accord State v. McCaleb*, No. 15–2215, 2016 WL 4384412, at *1 (Iowa Ct. App. Aug. 17, 2016) ("By freely and voluntarily pleading guilty to the above charges, during which McCaleb explicitly confirmed she was satisfied with the representation she had received, McCaleb waived her right to request new counsel or challenge the district court's denial of new counsel, insofar as any denial was actually made.").

With respect to the robbery conviction, McGruder did not cite any recognized ground or cause for the appointment of new counsel. *See Boggs*, 741

N.W.2d at 506 (stating it is the defendant's burden to "show the grounds to justify substitute counsel"). McGruder did not identify any conflict of interest. *See Mott*, 759 N.W.2d at 148–49. He did not allege any irreconcilable conflict between himself and counsel. *See id.* He did not allege there was a complete breakdown in communication between himself and counsel. *See id.* Instead, McGruder had only a generalized grievance that he thought his attorney should be doing more and giving him certain documents. As a factual matter, the grievance was not well-founded. As the record makes clear, McGruder's counsel had conducted significant discovery and was prepared for trial. In addition, McGruder's counsel had an office log that showed the desired documents were hand-delivered to McGruder in the jail. As a legal matter, the defendant's generalized grievance his attorney should be doing more, in and of itself, is not a recognized ground for the appointment of new counsel. As the supreme court has explained:

> General frustration and dissatisfaction with defense counsel expressed by a defendant does not alone render counsel unable to perform as a zealous and effective advocate. The focus of the inquiry is not on the defendant's relationship with his or her attorney, but the adequacy of counsel in the adversarial process. In reality, a person accused of a crime is often genuinely unhappy with an appointed counsel who is nevertheless doing a good job. Thus, not all criticism lodged by a defendant against defense counsel requires new counsel.

*Boggs*, 741 N.W.2d at 506 (altered for readability).

In addition to the lack of any ground justifying the appointment of new counsel, there were countervailing considerations supporting the denial of the motion. Here, it appears the defendant sought new counsel on the eve of trial merely to delay trial. As the supreme court has warned, "last-minute requests to substitute counsel must not be allowed to become a tactic for delay." *State v.*

*Webb*, 516 N.W.2d 824, 828 (Iowa 1994); *see also Boggs*, 741 N.W.2d at 506 ("[E]leventh-hour requests for substitute counsel are generally disfavored"). The district court's concern regarding the delay in trial was particularly acute here, as any delay would have prejudiced McGruder's codefendant, who was ready to proceed.

In reviewing whether to grant or deny the motion, the district "court must balance the defendant's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *Lopez*, 633 N.W.2d at 778. Under the circumstances presented, the district court did not abuse its discretion in balancing the relevant considerations and denying McGruder's motion for substitute counsel.

**AFFIRMED.**